IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Civ. No. 09-29-CG-B |
| | ) | |
| v. | ) | |
| | ) | |
| WALES WEST, LLC, d/b/a | ) | |
| WALES WEST RV RESORT and TRAIN and | ) | |
| GARDEN LOVERS FAMILY PARK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## CONSENT DECREE

This matter is before the Court for entry of this judgment by consent of the

United States of America and Wales West LLC, doing business as Wales West RV

Resort and Train and Garden Lovers Family Park to effectuate a compromise and

settlement of all claims in the above-captioned civil action. After review and

consideration, the Court believes that entry of this Decree is in the interests of

justice.

The United States alleges that Wales West LLC violated title III of the

Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq.*, and its

implementing regulations, 28 C.F.R. Part 36, by denying a child with the Human

Immunodeficiency Virus (HIV) and his family equal goods, services, facilities,

privileges, advantages, accommodations, or other opportunities offered at Wales West RV Resort.

As a result of ongoing settlement discussions, the United States and Wales West LLC have reached agreement that it is in the parties' best interest, and the United States believes that it is in the public interest, to resolve this lawsuit on mutually agreeable terms without adjudication of the factual or legal contentions asserted in this action.

In resolution of this action, the parties hereby AGREE, and the Court expressly APPROVES, ENTERS, AND ORDERS THE FOLLOWING:

## JURISDICTION AND VENUE

1. <u>Jurisdiction.</u> This Court has jurisdiction in this matter pursuant to 42 U.S.C. § 12188(b)(1)(B) and 28 U.S.C. §§ 1331 and 1345. This Court has authority to grant a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, and authority to grant equitable relief, monetary damages, and civil penalties under 42 U.S.C. § 12188(b)(2).

2. <u>Venue.</u> Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Wales West RV Resort is located within this District and all of the events or omissions giving rise to this action occurred in this District.

## BACKGROUND

3.  Plaintiff. The plaintiff is the United States of America. The Attorney

General of the United States is authorized under title III of the ADA to investigate

complaints and conduct compliance reviews of covered entities, and to bring a

civil action in any situation where the Attorney General has reasonable cause to

believe that a covered entity is engaged in a pattern or practice of disability

discrimination or that any person or group of persons has been discriminated

against on the basis of disability and such discrimination raises an issue of general

public importance. 42 U.S.C. § 12188(b).

4.  Defendant. The defendant is Wales West LLC, a private, for-profit

corporation. Wales West LLC operates Wales West RV Resort and Train and

Garden Lovers Family Park, which is a resort, campground, and place of

recreation in Silverhill, Alabama. Wales West LLC is a public accommodation

within the meaning of title III of the ADA. 42 U.S.C. § 12181(7); 28 C.F.R.

§ 36.104.

5.  Factual Allegations. In this action, the United States alleges that Wales

West LLC discriminated on the basis of disability against a couple ("the

complainants") and their young child. On learning that the complainants' then

two-year-old son has HIV, the manager of Wales West RV Resort informed the

complainants that their son could not use the resort's common areas, such as the swimming pool or showers.

6.    Legal Contentions.  Under title III of the ADA, no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation.  42 U.S.C. § 12182(a).  The United States contends that Wales West LLC discriminated on the basis of disability in violation of title III by the following:

(a) Denying, on the basis of disability, the opportunity of an individual or class of individuals to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of Wales West RV Resort, in violation of 42 U.S.C. § 12182(b)(1)(A)(i), and its implementing regulation, 28 C.F.R. § 36.202(a);

(b) Failing to afford an individual or class of individuals, on the basis of disability, with the opportunity to participate in or benefit from the services, facilities, privileges, advantages, or accommodations of Wales West RV Resort that is equal to that afforded to other individuals, in violation of 42 U.S.C. § 12182(b)(1)(A)(ii), and its implementing regulation, 28 C.F.R. § 36.202(b);

(c) Providing an individual or class of individuals, on the basis of disability,

with a good, service, facility, privilege, advantage, or accommodation at Wales

West RV Resort that is different or separate from that afforded to others, in

violation of 42 U.S.C. § 12182(b)(1)(A)(iii), and its implementing regulation, 28

C.F.R. § 36.202(c);

(d) Utilizing standards or criteria of methods of administration that have the

effect of discriminating on the basis of disability, in violation of 42 U.S.C.

§ 12182(b)(1)(D)(i), and its implementing regulation, 28 C.F.R. § 36.204;

(e) Imposing or applying eligibility criteria that screen out or tend to screen

out an individual or class of individuals with a disability from fully and equally

enjoying any goods, services, facilities, privileges, advantages, or

accommodations of Wales West RV Resort, in violation of 42 U.S.C.

§ 12182(b)(2)(A)(i), and its implementing regulation, 28 C.F.R. § 36.301(a);

(f) Failing to make reasonable modifications in policies, practices, and

procedures when the modifications are necessary to avoid discrimination on the

basis of disability, in violation of 42 U.S.C. § 12182(b)(2)(A)(ii), and its

implementing regulation, 28 C.F.R. § 36.302; and

(g) Excluding or otherwise denying equal goods, services, facilities,

privileges, advantages, accommodations, or other opportunities to individuals

because of such individuals' relationship or association with an individual with a

known disability, in violation of 42 U.S.C. § 12182(b)(1)(E) and its implementing

regulation, 28 C.F.R. § 36.205.

## TERMS OF AGREEMENT

7.    Non-discrimination Policy.

Wales West LLC will not discriminate against any individual on the

basis of disability. Wales West LLC will make reasonable modifications in

policies, practices, or procedures when such modifications are necessary to afford

its services and facilities to individuals with disabilities, unless the modifications

would fundamentally alter the nature of its services. Wales West LLC will not

exclude any individual with a disability from the full and equal enjoyment of its

services and facilities, unless the individual poses a direct threat to the health or

safety of others that cannot be eliminated by a modification of policies, practices,

or procedures. Wales West LLC will not exclude any individual from the full and

equal enjoyment of its services and facilities because of the individual's

association or relationship with a person with a disability.

8.    Policies, Practices, and Procedures.

Within thirty (30) days of entry of this Decree, Wales West LLC shall

submit to the United States, for review and approval, written policies, practices,

and procedures regarding Wales West LLC's obligations under title III of the

ADA, each of which is to be adopted and implemented at Wales West RV Resort within five (5) business days following the United States' approval. The policies and procedures shall, at a minimum, include the following:

(A)  designation of an ADA Compliance Official who shall have responsibility to review all disability-related decisions related to the provision of services at Wales West RV Resort and to ensure that the policies, practices, and procedures set forth in this Decree are fully implemented;

(B)  a nondiscrimination policy consistent with that set forth in Paragraph 7 of this Decree. The nondiscrimination policy will include contact information for the ADA Compliance Official and will be posted in the Wales West RV Resort registration office and on the Wales West RV Resort website and printed on all brochures and promotional materials during the term of this Decree; and

(C)  policies and procedures to ensure that Wales West LLC documents each decision to deny an individual with a disability the full and equal enjoyment of services, facilities, or privileges offered at Wales West RV Resort.

9.  <u>Training.</u> Within sixty (60) days of entry of this Decree, and annually thereafter during its term, Wales West LLC shall distribute to each person working for, on behalf of, or in association with Wales West LLC:

(A)  the nondiscrimination policy adopted pursuant to Paragraph 8(B);

(B)    written notification and instruction for complying with the documentation obligation established in Paragraph 8(C); and

(C)    a directive instructing all persons working for, on behalf of, or in association with Wales West LLC that it is against the policy of Wales West LLC to discriminate against patrons (or potential patrons) with HIV or AIDS.

Individuals who begin working for, on behalf of, or in association with Wales West LLC after the initial 60-day time frame set out herein shall be provided with the materials referenced herein within fourteen (14) days of hire.

10.    <u>Monetary Relief for Complainants.</u>

(A)    Following receipt of the signed release form attached as Appendix A to this Decree, Wales West LLC will pay the complainants the sum of $36,000 (thirty-six thousand dollars) as compensatory damages according to the following structured payment schedule:

$12,000 (twelve thousand dollars) on or before January 15, 2010;

$12,000 (twelve thousand dollars) on or before January 15, 2011;

$12,000 (twelve thousand dollars) on or before January 15, 2012.

(B)    Because this Decree includes the benefit to Wales West LLC of a structured payment schedule, a copy of the Decree will be recorded in the official records of the Office of the Judge of Probate of Baldwin County, Alabama, at the

plaintiff's expense. Upon the defendant's full and complete payment of all structured payments, the plaintiff will file notice to cancel the earlier probate filing, even if non-monetary terms of the Decree are not yet fulfilled. The probate filing shall in no manner affect the terms of the Decree.

11. Civil penalty. On or before July 1, 2010, Wales West LLC shall issue a check or money order in the amount of $10,000 (ten thousand dollars) payable to the United States Treasury as a civil penalty, pursuant to 42 U.S.C. § 12188(b)(2)(C) and 28 C.F.R. § 36.504(a)(3). Counsel for Wales West LLC will deliver the check or money order to counsel for the United States.

12. Consideration. In consideration of, and consistent with all the terms of this Consent Decree, the United States agrees to refrain from undertaking further investigation into or pursuing further legal proceedings regarding all matters contained within this Decree except as provided in Paragraph 13, below.

13. Enforcement of the Consent Decree.

(A) The United States may review compliance with this Decree at any time and may enforce this Decree if the United States believes that this Decree or any portion of it has been violated. In the event that the United States believes that Wales West LLC has violated any provision of this Decree, the United States will give written notice (including reasonable particulars) of such violation and

Wales West LLC shall then respond to such notice and/or cure such non-compliance within thirty (30) calendar days. The parties shall negotiate in good faith to resolve any dispute relating thereto. If, after good faith negotiations, the parties are unable to resolve the dispute at issue, either party may petition the Court for relief under this Decree.

(B)    In the event that Wales West LLC fails to deliver each or any structured payment of $12,000 (twelve thousand dollars) pursuant to the schedule agreed upon in Paragraph 10(A), or fails to deliver the civil penalty on or before the date agreed upon in Paragraph 11, the United States shall move the Court to enter judgment against Wales West LLC for the balance of the $36,000 (thirty-six thousand dollars) in compensatory damages remaining due and for the balance of the $10,000 (ten thousand dollars) in civil penalty remaining due. Wales West LLC expressly agrees that such Motion by the United States shall be represented to the Court as being filed without opposition by Wales West LLC. If the Court desires confirmation of such consent to judgment, Wales West LLC expressly agrees that it shall immediately provide such notification to the United States and to the Court.

14.     Term of the Decree.  This Decree shall become effective as of the date that

it is entered by the Court and shall remain in effect for three years from that date.

The Court shall retain jurisdiction for the duration of the Decree to enforce the

terms of the Decree.  Any party may apply to the Court for such further orders as

may be necessary for, or consistent with, the enforcement of this Decree.

15.     Scope.  This Decree constitutes the entire agreement between the United

States and Wales West LLC, relating to Civil Action No. 09-29 (S.D. Ala.) and

D.J. No. 202-3-10 and concerns only the ADA claims under, arising out of, or

related to Civil Action No. 09-29 and D.J. No. 202-3-10; no other statement,

promise, or agreement, either written or oral, shall be enforceable regarding the

matters raised in this Decree.

16.     Compliance with applicable laws.  This Decree does not purport to remedy

any other potential violations of the ADA or any other law.  This Decree does not

affect Wales West LLC's continuing responsibility to comply with the ADA.

17.     Binding.  This Decree shall be binding on the United States and on Wales

West LLC, including all principals, agents, executors, administrators,

representatives, employees, successors in interest, beneficiaries, assigns, and legal

representatives thereof.  In the event that Wales West LLC seeks to sell, transfer,

or assign all or part of its interest during the term of this Decree, as a condition of

sale, transfer, or assignment, Wales West LLC shall obtain the written accession of the successor or assignee to any obligation remaining under this Decree for the remaining term of this Decree.

18.    Non-waiver. Failure by either party to seek enforcement of this Decree pursuant to its terms with respect to any instance or provision will not be construed as a waiver of such enforcement with regard to other instances or provisions.

19.    Severability. If any provision of this Decree is determined by any court to be unenforceable, the other provisions of this Decree shall nonetheless remain in full force and effect, provided, however, that if the severance of any such provision materially alters the rights or obligations of the parties, the United States and Wales West LLC shall engage in good faith negotiations in order to adopt mutually agreeable amendments to this Decree as may be necessary to restore the parties as closely as possible to the initially agreed upon relative rights and obligations.

20.    Signatory. A signatory to this document in a representative capacity for Wales West LLC certifies that he or she is authorized to enter into and consent to the terms and conditions of this Decree and to execute and legally bind that party to this Decree.

SO ORDERED this ___19th___ day of ___January___, 2010.


            s/Callie V. S. Granade
            CALLIE V.S. GRANADE
            Chief Judge, United States District Court
            Southern District of Alabama

AGREED AND CONSENTED TO:

FOR THE UNITED STATES OF AMERICA:

KENYEN R. BROWN
United States Attorney
Southern District of Alabama

ERIC J. HOLDER, JR.
Attorney General

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

SAMUEL R. BAGENSTOS
Principal Deputy Assistant Attorney General
Civil Rights Division

EUGENE A. SEIDEL
Chief, Civil Division
United States Attorney's Office
Southern District of Alabama

JOHN L. WODATCH, Chief
PHILIP L. BREEN,
Special Legal Counsel
ALLISON J. NICHOL, Deputy Chief
Disability Rights Section
Civil Rights Division

_____
GARY A. MOORE
Assistant United States Attorney
United States Attorney's Office
Southern District of Alabama
63 Royal Street, Suite 600
Mobile, Alabama 36602
Telephone: (251) 415-7104

_____
KATHLEEN P. WOLFE
ELIZABETH JOHNSON
HILARY L. MARTINSON
Trial Attorneys
Civil Rights Division
U.S. Department of Justice
1425 New York Ave., N.W., 4th Floor
Washington, D.C. 20530
Telephone: (202) 353-0368

Date: _January 14, 2010_

Date: _01-13-10_

Page 14 of 15

## FOR WALES WEST LLC:

KENNETH S. ZADNICHEK
Managing Partner
Wales West LLC
13650 Smiley Streeet
Silverhill, Alabama 36576

Date: 1/14/10

FRANK L. PARKER, JR.
Frank L. Parker, Jr., LLC
Attorney for Defendant
107 St. Francis Street, Suite 1705
P.O. Box 281
Mobile, Alabama 36601
Telephone: (251) 694-6061
Email: flp@frankparkerlaw.com

Date: 1/14/10

FRANCIS A. POGGI, JR.
Attorney for Defendant
P.O. Box 3024
Mobile, Alabama 36652
Telephone: (251) 433-7688

## APPENDIX A

## RELEASE OF ADA CLAIMS

### D.J. No. 202-3-10, Civil Action No. 09-29 (S.D. Ala.)

For and in consideration of the acceptance of $36,000 (thirty-six thousand dollars) in damages, offered to me by Wales West LLC, doing business as Wales West RV Resort and Train and Garden Lovers Family Park, pursuant to a Consent Decree entered by the U.S. District Court for the Southern District of Alabama in *United States* v. *Wales West, LLC*, Civ. No. 09-29: I, Silvia Glover, on behalf of myself and my minor child, C.G., release and discharge Wales West LLC, its subsidiaries, affiliates, insurers, successors and assigns, and its current, past, and future officers, directors, shareholders, employees, and agents, of and from all legal and equitable claims under title III of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12181-12189, arising out of or related to the complaint, D.J. No. 202-3-10 and Civil Action No. 09-29 (S.D. Ala.), which pertain to alleged discriminatory treatment by Wales West LLC at Wales West RV Resort and Train and Garden Lovers Family Park on or around July 1, 2007. This Release concerns only the ADA claims raised in D.J. No. 202-3-10 and Civil Action No. 09-29 (S.D. Ala.).

This Release constitutes the entire agreement between myself and Wales West LLC as of the date of signature, below, without exception or exclusion, and concerns only the ADA matter raised in D.J. No. 202-3-10 and in Civil Action No. 09-29 (S.D. Ala.). This Release will be considered null and void in the event that Wales West fails to provide compensation as established in Paragraph 10 of the Decree entered in this case. I acknowledge that a copy of the Decree in Civil Action

No. 09-29 has been made available to me. I further acknowledge that I have had the opportunity to review the terms of this Release with an attorney of my choosing, and, to the extent that I have not obtained that legal advice, I voluntarily and knowingly waive my right to do so.

Signed this _Jan_ day of _14_, 2010.

_Silvia Glover_
Silvia Glover, on behalf of myself and
my minor child, C.G.

Sworn and subscribed to before me
this _14th_ day of _January_, 2010.

_Carolyn A. Kennedy_
Notary public

My commission expires: _6/09/2010_